[No. 44656. En Banc. February 23, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. ALLAN MORTRUD, *Appellant.*

*David C. Mitchell, Jr.,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *Larry E. McKeeman, Deputy,* for respondent.

DOLLIVER, J.—On July 17, 1973, defendant Mortrud was arraigned on a charge of grand larceny. On October 5, 1973, he pleaded guilty to petit larceny and sentence was imposed of 1 year in the county jail, payment of a $500 fine, and payment of restitution and costs within 6 months. Execution of the sentence was deferred pursuant to RCW 9.95.210, and defendant was placed on probation for a period of 1 year upon two conditions: (1) Full compliance with the rules of probation, and (2) payment within 6 months of restitution in the amount of $400 and costs and attorney's fee in the amount of $200.

One of the rules of probation requires monthly reports to the probation officer. Defendant complied with this requirement for 5 months, but stopped reporting after March 10, 1974. In October 1974 the probation office checked on the defendant and filed a violation report on March 10, 1975. On March 11, 1975, a bench warrant was issued for defendant's arrest.

On January 3, 1976, nearly 10 months later, defendant was arrested on the bench warrant, and released on his personal recognizance with· the condition he pay the restitution and costs imposed by the judgment in an amount of not less than $100 per month. No revocation hearing was held at that time.

Another bench warrant was issued and defendant was arrested pursuant thereto in November 1976. A revocation hearing was held December 6, 1976—over 3 years after the deferral of execution of the sentence—and defendant's probation was revoked for failure to report to the probation officer after March 10, 1974. The terms of the original sentence were reinstated. Defendant was released pending the outcome of this appeal.

Defendant argues the court's jurisdiction to revoke probation and reinstate the sentence terminated at the expiration of 1 year from the date of the judgment and imposition of the sentence. His argument is based on construction of the probation statutes contained in RCW 9.95.200–.250, specifically the interpretation of RCW 9.95.210 set forth in *State v. Monday,* 85 Wn.2d 906, 540 P.2d 416 (1975), and RCW 9.95.230. He asserts the operative effect of these statutes is to terminate jurisdiction of the court at the end of the probationary period, *i.e.,* in this case October 5, 1974.

RCW 9.95.230 grants the court authority to revoke probation. It provides, in pertinent part:

> The court shall have authority *at any time during the course of probation* to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; . . .

(Italics ours.)

Defendant contends the language "during the course of probation" limits the court's power to revoke his probation and reimpose sentence.

*State v. Monday, supra,* relied on by defendant, involved a related but slightly different issue. There the defendant was sentenced to 1 year in the county jail for negligent homicide but execution of the sentence was suspended for 2 years on condition he serve 8 months in jail and comply with various probation conditions. The issue for determination was whether the execution of a sentence may be suspended and a defendant placed on probation under RCW 9.95.210 for a period of time longer than the length of sentence actually imposed. RCW 9.95.210 provides, in pertinent part:

> The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine.

The problem presented by that case was complicated by the fact that the court had the alternative of assessing a 1–year term in the county jail or a 10–year term in the state penitentiary. The State argued that, since the 10–year term was an option available to the court, the 2–year probationary period fell within the time frame and was allowable. The trial court determined a probation violation had occurred some time after the defendant had been released from his 8–month sentence in the county jail but before his 2–year probation had expired. His 1–year sentence was thus reimposed.

In ruling on this issue, this court held:

> [T]he maximum period of time for which a sentence may be suspended under RCW 9.95.210 is the term of sentence pronounced by the trial judge. *Thereafter, the trial court loses jurisdiction to revoke probation and reimpose the sentence. In the instant case, the 1–year jail sentence originally imposed by the trial judge had expired at the time of the revocation hearing and the*

*trial court accordingly had no authority to revoke defendant's probation and reimpose the 1–year jail sentence.*

(Italics ours.) *State v. Monday, supra* at 910.

Defendant Mortrud urges us to apply the reasoning of *State v. Monday, supra,* and the language of RCW 9.95.230 to his situation and to hold the trial court lost jurisdiction over him when the 1–year sentence expired without any hearing to determine his probation status.

The State contends *State v. Monday, supra,* has no bearing on the issue involved. It asserts the issue there was what constitutes the "maximum term of sentence" under RCW 9.95.210, while here the applicable statute is RCW 9.95.240. It further asks us to infer from RCW 9.95.240 a legislative intent that the court loses jurisdiction over the defendant only when he has fulfilled all the conditions of his probation.

RCW 9.95.240 establishes a procedure whereby a defendant may withdraw a plea of guilty after successful completion of a probationary period. However, it does not deal with the question raised here and does not embody any legislative intent that the court's jurisdiction continues beyond the course of probation.

The State also refers us to the cases of *State v. Davis,* 56 Wn.2d 729, 355 P.2d 344 (1960), and *Jaime v. Rhay,* 59 Wn.2d 58, 365 P.2d 772 (1961), for the proposition the trial court can revoke probation after the probationary period has expired. *State v. Davis, supra,* is inapposite. It dealt with the suspended sentence statutes rather than the probation statutes, and at the time of that case there was no statutory limit on the duration of sentence suspension. In 1971, the suspended sentence statutes were amended by addition of RCW 9.92.064 which now limits the length of suspension to that of the original sentence.

*Jaime v. Rhay, supra,* is also not helpful. That case dealt only with RCW 9.95.240 and did not discuss RCW 9.95.210 or 9.95.230 which we find to be the controlling sections in

disposition of this case. Furthermore, in *Jaime,* the imposition of the sentence was deferred, while here we are concerned with a sentence which has been imposed but whose execution has been deferred. *See State v. Monday, supra* at 909.

█ When the sentence has been imposed but under the terms of RCW 9.95.210 its execution is deferred, we hold RCW 9.95.230 operates to terminate the jurisdiction of the court over the defendant upon the expiration of the probationary period, and the court shall have no authority to revoke, modify, or change its order of deferral of execution of the sentence.

We are not convinced by the policy argument urged by the State that under this interpretation there can be no recourse against defendant for probation violations occurring late in the probationary period. If there were any violations, only those of a technical nature would go unpunished. Criminal violations are punishable on their own, and a defendant's past record is both relevant and admissible when the sentence is determined. This contention of the State is more than outweighed by the goal which the rule in this case should help to attain: to discourage administrative inertia in handling matters concerning probationers.

The order revoking probationary judgment and sentence is reversed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.

Reconsideration denied April 11, 1978.