[No. 46012. En Banc. November 1, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DANIEL G. NELSON, *Petitioner.*

*John Midgley* and *Steve Scott* of *Institutional Legal Services,* for petitioner.

*C. Danny Clem, Prosecuting Attorney,* and *Stephen E. Alexander, Deputy,* for respondent.

UTTER, C.J.—Daniel Nelson pleaded guilty to the crime of grand larceny on October 26, 1970, and on April 12, 1971, the court deferred imposition of sentence for 3 years. He was subsequently convicted of two counts of assault on September 29, 1975. On November 12, 1975, the court revoked the order deferring sentence and sentenced him on the grand larceny conviction. This took place 1 year and 7 months after the end of the 3-year probationary period.

The sole issue on review is whether, after a trial judge defers imposition of sentence and places the defendant on probation, the court loses authority to revoke probation

and impose sentence upon expiration of the period of deferral. We reverse the Court of Appeals decision and hold that the court's authority to impose sentence on the grand larceny charge had expired.

One hearing was held during the initial term of deferral. The original deferred sentence was reconfirmed on October 29, 1973. The reconfirming order did not extend the deferral period.

On April 16, 1974, 5 days after the termination date of the deferred sentence, a hearing was held to consider defendant's probationary status. At the hearing, the trial judge acknowledged that defendant had violated the terms of the probation but found "no grounds or basis to either *extend* his probation, revoke or change the terms of it." (Italics ours.) On July 12, 1974, defendant's probation officer requested that the trial court place defendant's case on inactive probationary status. The record before us does not indicate whether this request was granted. This hearing likewise was of no effect because the trial court's authority over the defendant had expired.

 The superior court's power to grant probation, defer sentence or suspend sentence derives from powers granted by the legislature. *State ex rel. Woodhouse v. Dore,* 69 Wn.2d 64, 416 P.2d 670 (1966). The legislature has defined this authority in RCW 9.95.200–.250. Specific authority to grant probation is found in RCW 9.95.200.

> After conviction by plea or verdict of guilty of any crime, the court . . . may summarily grant or deny probation, or at a subsequent time fixed may hear and determine, in the presence of the defendant, the matter of probation . . . and the conditions of such probation, if granted.

The authority of the court during the probationary period is defined in RCW 9.95.230.

> The court shall have authority *at any time during the course of probation to* (1) revoke, modify, or change its order of suspension of *imposition or execution* of sentence; (2) it may at any time, when the ends of justice

will be subserved thereby, and when the reformation of the probationer shall warrant it, terminate the period of probation, and discharge the person so held.

(Italics ours.) In *State v. Mortrud,* 89 Wn.2d 720, 575 P.2d 227 (1978), this court interpreted RCW 9.95.230 in the context of deferred *execution* of sentence.

When the sentence has been imposed but under the terms of RCW 9.95.210 its execution is deferred, we hold RCW 9.95.230 operates to terminate the jurisdiction of the court over the defendant upon the expiration of the probationary period, and the court shall have no authority to revoke, modify, or change its order of deferral of execution of the sentence.

*State v. Mortrud, supra* at 724. Defendant contends that a similar holding should be reached where the imposition rather than the execution of sentence is deferred.

The Court of Appeals held the trial court retains authority to revoke a deferred sentence until such time as an order of dismissal is entered pursuant to RCW 9.95.240. That statute states in pertinent part:

Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty . . . and . . . the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime . . .

In *Jaime v. Rhay,* 59 Wn.2d 58, 60, 365 P.2d 772 (1961), we stated that "[t]he mere elapse of time is not compliance with [RCW 9.95.240] and does not dissolve the order of probation or deprive the court of its continuing jurisdiction." The Court of Appeals reasoned from the above language in *Jaime* that the trial court had the authority to revoke defendant's probation.

We do not believe the legislature intended to link the operation of RCW 9.95.230 and .240 in the manner accomplished by the Court of Appeals. RCW 9.95.230 authorizes the trial court to modify or revoke the suspension of sentence or to terminate probation and discharge the probationer. By the express language of the statute, this authority exists only "during the course of probation." By comparison, the defendant may seek dismissal of the indictment or information pursuant to RCW 9.95.240 only after the term of probation has expired or been discharged and before the expiration of the maximum period of punishment for the offense. While RCW 9.95.230 affects the probationary status of the defendant and the pendency of actual imprisonment, a successful request under RCW 9.95.240 releases the defendant from "all penalties and disabilities" resulting from convictions. The difference in the effect of the two statutes and in the periods of time during which the procedures are available indicate RCW 9.95.230 and .240 are to operate in a manner wholly independent of one another. As a result, reliance on *Jaime* is misplaced. *Jaime* was decided under RCW 9.95.240 and makes no mention of .230.

RCW 9.95.230 expressly refers to the authority of the court upon *imposition or execution* of sentence and limits the life of this authority to the course of probation. The course of probation having expired before the motion to revoke defendant's probation was made, the trial court was without authority to act.

The trial court and Court of Appeals are reversed.

WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., and EBERHARTER, J. Pro Tem., concur.

ROSELLINI, J. (dissenting)—The decision of the court today is directly contrary to our holding in *Jaime v. Rhay*, 59 Wn.2d 58, 365 P.2d 772 (1961). We held there that a defendant who had violated the terms of his probation was

subject to the jurisdiction of the court to extend that probation after the expiration of the original probationary period. This was true even though no hearing was held during the probationary period and thus no finding was made during that period that a violation had occurred. The mere elapse of time, we said, does not constitute compliance with RCW 9.95.240 and does not dissolve the order or deprive the court of its continuing jurisdiction. That holding was in harmony with the words of the statute, which give the defendant, after the successful completion of the terms of his parole but within the maximum period of punishment, the right to apply to the court for an order allowing him to withdraw his plea of guilty and enter a plea of not guilty. Whether such an order will be entered lies within the discretion of the court. Implicit within this provision is a legislative intent that the jurisdiction of the court shall continue until the expiration of the maximum period of punishment for the offense for which the defendant was convicted.

Also implicit in that holding is an intent that the court may impose further punishment (within the maximum allowed by statute) after the expiration of the probationary period, if the terms have not been complied with. The majority does not suggest that full compliance with the terms and conditions of the probation was shown in this instance by the petitioner.

It should be obvious that if the State requires full compliance throughout the term of the probation, a hearing to determine that there has been such compliance must necessarily occur after the expiration of that term. It is true that RCW 9.95.230 states that the court shall have authority at any time during the course of probation to revoke, modify or change its order, but this section pertains to the same subject matter as RCW 9.95.240, and the two must be read together.

> Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination

of the period thereof, *may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted* be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, . . .

(Italics mine.) RCW 9.95.240. This section makes it clear that the jurisdiction of the court continues throughout the maximum period of confinement permissible. It was the evident legislative intent that the defendant should escape the more severe penalties provided by statute *only* if he complies with the conditions of his probation throughout the period decreed by the court. With this intent in mind, it would appear logical to view the language of RCW 9.95-.230, giving the court authority to alter its order during the course of probation, as clarifying rather than restrictive, making it clear that the jurisdiction of the court is not suspended during that period.

I must admit that I signed the opinion in *State v. Mortrud,* 89 Wn.2d 720, 575 P.2d 227 (1978). Further reflection, however, has convinced me that we did violence to the legislative intent in that case and that we should overrule it, giving the sections of RCW 9.95 the more harmonious interpretation accorded them in *Jaime v. Rhay, supra,* to achieve the legislative purpose which they express.

WILLIAMS, J., concurs with ROSELLINI, J.

Reconsideration denied January 16, 1980.