[Nos. 17729-0-I; 17730-3-I. Division One. May 11, 1987.]

THE STATE OF WASHINGTON, *Petitioner*, v. GORDON JORGENSON, *Respondent*.

THE STATE OF WASHINGTON, *Petitioner*, v. LAWRENCE MULLEN, *Respondent*.

*David S. McEachran, Prosecuting Attorney,* and *Scott Wessel–Estes, Deputy,* for petitioner.

*Robert Jones, Public Defender,* for respondents.

WILLIAMS, J.—In separate district court trials, Gordon Jorgenson was convicted of driving while his license was suspended and Lawrence Mullen was convicted of driving while under the influence of intoxicants. Jorgenson was sentenced to 365 days in jail with 350 days suspended, fined $300 and placed on probation for 1 year. Mullen was sentenced to 365 days in jail with 363 days suspended, fined $400 and placed on probation for 1 year. Following entry of the judgments, each defendant and a court probation officer signed a "Probation Agreement" containing a provision that the fine be paid in installments. Six months after the period of probation had run for each defendant, bench warrants were issued by the district court for failure to pay the full amount of the fines. On RALJ proceedings in superior court, the arrest warrants were quashed. On appeal by

the State to this court, the cases were consolidated for review.

The district court has jurisdiction to punish by fine, imprisonment or both. RCW 3.66.060. The court also has the authority to suspend execution of the sentence. RCW 3.66.068 provides:

> For a period not to exceed two years after imposition of sentence, the court has continuing jurisdiction and authority to suspend the execution of all or any part of its sentence upon stated terms, including installment payment of fines.

See also RCW 9.92.060; RCW 9.95.210.

At the conclusion of their trials, the district court suspended execution of Jorgenson and Mullen's sentences and placed both men on probation for 1 year. The first paragraph of Jorgenson's probation agreement states:

> The Court is granting you the alternative of probation in lieu of jail time or other punishment. The Court may modify the terms of the Probation Agreement during the probation period and you may at any time request a hearing before the Court to review the conditions of your probation.

Mullen's probation agreement was nearly identical.

Among the conditions of probation for Jorgenson and Mullen was that they pay $25 per month toward their fines. Jorgenson was also required to make restitution to an insurance company "with proof to probation or make $25 or more payments thru probation." These conditions were appropriate under RCW 9.95.210.

According to RCW 9.95.230:

> The court shall have authority at any time prior to the entry of an order terminating probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; . . .

The court in State v. Mortrud, 89 Wn.2d 720, 724, 575 P.2d 227 (1978) explained the effect of this statute:

> When the sentence has been imposed but . . . its execution is deferred, we hold RCW 9.95.230 operates to terminate the jurisdiction of the court over the defendant

upon the expiration of the probationary period, and the court shall have no authority to revoke, modify, or change its order of deferral of execution of the sentence.

This rule applies to suspension of execution of criminal judgments in district court. *Avlonitis v. Seattle Dist. Court,* 97 Wn.2d 131, 134, 641 P.2d 169, 646 P.2d 128 (1982).

The State argues that payment of a fine was not suspended in either case, and that the jurisdictional limits imposed by probation do not apply. Contrary to the State's argument, the probation agreements specifically noted probation was "in lieu of jail time or other punishment." And under RCW 3.66.060, "other punishment" includes fines.

As was noted in *State v. Hall,* 35 Wn. App. 302, 307, 666 P.2d 930 (1983):

> RCW 9.95.210 reflects clearly the legislative intent that the granting of probation would include the imposition of such conditions as in the court's discretion will contribute to teaching personal discipline and the recognition of personal responsibility that are universally recognized as being necessary to the rehabilitation of the offender.

Conditions of probation, such as those for the payment of fines, accomplish this result. The court in these two cases was wise to impose conditions, both restrictive and monetary. To further the purposes of rehabilitation, jurisdictional limits are needed "to discourage administrative inertia in handling matters concerning probationers." *Mortrud, supra.*

Because the jurisdiction of the district court was restricted to the end of the probationary period, the issuance of arrest warrants for Jorgenson and Mullen was beyond the court's power.

The orders quashing the warrants are affirmed.

SCHOLFIELD, C.J., concurs.

GROSSE, J. (concurring)—I agree with the majority opinion insofar as the issue of jurisdiction is concerned. At the expiration of the period of probation the court's jurisdiction over these defendants terminated with respect to their

compliance or noncompliance with the terms and conditions of their probationary sentences. However, I cannot agree that the payment of fines was necessarily a condition of probation only, as distinct from their being a separate and distinct part of the judgment and sentence as well as a condition of probation. This distinction is material.

RCW 10.01.180 provides in pertinent part:

> (1) When a defendant sentenced to pay a fine or costs defaults in the payment thereof or of any installment, the court on motion of the prosecuting attorney or upon its own motion may require him to show cause why his default should not be treated as contempt of court, and may issue a show cause citation or a warrant of arrest for his appearance.

The balance of the statute provides for appropriate proceedings on contempt and adds a provision to the effect that utilization of the contempt procedures is not exclusive and that the default "may be collected by any means authorized by law for the enforcement of a judgment." RCW 10.01.180(6). Therefore, had the warrants of arrest in these cases been issued pursuant to this statute the court arguably would have retained jurisdiction to collect the fines. That is the essence of the State's position in the instant case.

However, these warrants were not so issued. Rather, they were issued on the original criminal charges. Therefore, we need not resolve questions regarding the proper interpretation or effect of RCW 10.01.180 in the instant matter. The warrants were properly quashed.