[No. 19610-3-I.   Division One.   May 16, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. GENE HENRY ALBERTS, *Appellant.*

*Eric J. Nielsen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally F. Stanfield* and *Lynn Prunhuber, Deputies,* for respondent.

WEBSTER, J.—Gene Henry Alberts appeals, contending that the trial court lacked jurisdiction to modify his probation. We affirm.

## FACTS

Alberts pleaded guilty to one count of third degree theft. On October 23, 1985, the trial court entered an order deferring imposition of his sentence for a period of 1 year pursuant to RCW 9.95.200. A condition of probation was that Alberts pay restitution in the amount of $657.62 to Puget Sound Power and Light Company within 9 months of sentencing.

Although not contained in the record on appeal, a probation violation report, apparently alleging nonpayment of restitution, was issued on October 16, 1986. Alberts' 1–year probationary period expired on October 22, 1986. On November 5, 1986, the State filed a notice of probation revocation, alleging that Alberts had "[f]ail[ed] to complete payment of his court–ordered financial obligations". On November 20, 1986, the trial court heard the matter. After considering the testimony of Alberts and his community corrections officer, the trial court revoked the deferred sentence and imposed a suspended sentence on the condition that Alberts continue to pay the ordered restitution.

From the onset of the hearing, defense counsel objected to the trial court's exercise of jurisdiction. Admitting that the violation report was filed before the expiration of the period, defense counsel argued that the operative date for purposes of determining the trial court's jurisdiction was November 5 when the notice of probation revocation was

filed. The State argued that the violation report was sufficient to put Alberts on notice, claiming that "it was discussed" with Alberts. The trial court then ruled that "jurisdiction was saved by the October 16 violation report."

## DISCUSSION

At issue in this case is the trial court's jurisdiction to modify probation under present RCW 9.95.230, which provides:

> The court shall have authority at any time *prior to the entry of an order terminating* probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; (2) it may at any time, when the ends of justice will be subserved thereby, and when the reformation of the probationer shall warrant it, terminate the period of probation, and discharge the person so held.

(Italics ours.) Laws of 1982, 1st Ex. Sess., ch. 47, § 11. Former RCW 9.95.230 provided:

> The court shall have authority at any time *during the course of* probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; (2) it may at any time, when the ends of justice will be subserved thereby, and when the reformation of the probationer shall warrant it, terminate the period of probation, and discharge the person so held.

(Italics ours.)

Case law interpretation of the former statute held that the trial court's jurisdiction to modify probation ended with the probationary period. *See State v. Mortrud,* 89 Wn.2d 720, 724, 575 P.2d 227 (1978); *State v. Hawkins,* 24 Wn. App. 925, 926, 604 P.2d 185 (1979). Therefore, unless the probationary period was tolled, *State v. Campbell,* 95 Wn.2d 954, 957, 632 P.2d 517 (1981), or unless the State had filed a petition for revocation within the period and diligently pursued the matter within a reasonable time after the period expired, *State v. Hultman,* 92 Wn.2d 736, 741–42, 600 P.2d 1291 (1979), the trial court could not exercise jurisdiction over the probationer once the period had ended. In so holding, the appellate courts focused on

the need to discourage administrative inertia, noting that only violations of a technical nature occurring late in the period would go unpunished because criminal sanctions were always available for more serious offenses. *Mortrud,* at 724.

In deciding that the trial court's jurisdiction was coextensive with the probationary period, the *Mortrud* court and its progeny relied on the "during the course of probation" language in former RCW 9.95.230. *Mortrud,* at 721; *Hultman,* at 740. The 1982 amendment replaced the language relied upon by *Mortrud* with the following language: "prior to the entry of an order terminating probation". Our task on review is to determine whether the court's jurisdiction has been altered by the amendment.[1]

The Legislature is presumed to be aware of past judicial interpretations of its legislation. *Abbott v. General Accident Group,* 39 Wn. App. 263, 268, 693 P.2d 130 (1984), *review denied,* 103 Wn.2d 1027 (1985). Consequently, the passage of the amendment to this unambiguous statute may indicate an intent to change the law. *See Abbott,* at 268. Because an amendment changes an existing statute, the general rule of statutory interpretation that the surrounding circumstances are to be considered is particularly applicable: The court will determine what defects existed in the original act, which defect the Legislature intended to cure, and then will construe the amendment so as to reduce or eliminate the defect intended to be remedied. 1A C. Sands, *Statutory Construction* § 22.31 (4th ed. 1972).

---

[1]One case has referred to present RCW 9.95.230. *See State v. Jorgenson,* 48 Wn. App. 205, 737 P.2d 1277 (1987). That case concerned whether, in light of RCW 3.66.060 and .068, a district court had jurisdiction over a probationer when the probationary period had expired. The appellate court held that the district court's jurisdiction ended with the period, relying for guidance on *Mortrud* although citing amended RCW 9.95.230. *Jorgenson,* at 207–08. Apparently, that court was not presented with the argument that the amendment changed the law because it is not discussed.

■ Reports from the House Judiciary Committee Bill Files, HB 600, §§ 9, 11 (1981), indicate that the Washington Association of Prosecuting Attorneys (WAPA) was the principal proponent for the amendment. In its report, WAPA stated that the purpose of changing the statute was the following:

These sections deal with persons who, *after* being previously convicted of a crime and given leniency in the form of a suspended or deferred sentence and probation, commit another crime or fail to make restitution within the period of suspension or deferral. The Supreme Court has decided, essentially, that a judge cannot act in these cases if the period has expired before the judge is aware that leniency was misplaced. This section would allow the judge to take appropriate action until the judge had entered an order finding the defendant had complied with the conditions of probation or suspension. It will be particularly helpful in enforcing restitution and save the costs of a second trial for subsequent crimes.

The language of the amendment together with this legislative history leave no doubt that the Legislature intended to change the law. We, therefore, hold that under present RCW 9.95.230 the trial court's jurisdiction to modify probation continues until the entry of an order terminating it.

In anticipation of our holding, Alberts maintains that a separate order is not needed and that his probation order is "self–executing", that is, it is the actual order terminating probation. Apparently, Alberts bases his argument on the following language contained in the order: "Ordered that the imposition of sentence against the Defendant herein be, and the same is hereby deferred pursuant to RCW 9.95.200 for a period of one (1) year from this date". We conclude that this language merely identifies the length of probation and that the statute contemplates the entry of a separate order.

Alberts also argues that our interpretation would lead to an absurd result because the trial court could revoke probation years after the probationary period expired. However, this argument should be made to the Legislature, the

body from which the superior court's power regarding probation is derived. *See State v. Nelson,* 92 Wn.2d 862, 864, 601 P.2d 1276 (1979). We note that RCW 9.95.210[2] may provide an outer limit on the court's jurisdiction but decline to pursue this line of inquiry under the facts of this case. Alberts was not brought before the court years after the probationary period expired. On the contrary, he was brought before the court less than a month after the period ended. In the absence of an order terminating his probation, the trial court had jurisdiction to modify it.

Affirmed.

GROSSE and PEKELIS, JJ., concur.

Review denied by Supreme Court September 1, 1988.

---

[2]RCW 9.95.210 reads:

"Conditions may be imposed on probation. In granting probation, the court may suspend the imposition or the execution of the sentence and may direct that the suspension may continue upon such conditions and for such time as it shall designate, not exceeding the maximum term of sentence or two years, whichever is longer."