[No. 11287-6-II.   Division Two.   March 14, 1989.]

THE STATE OF WASHINGTON, *Appellant*, v. ROBERT F. HOLMBERG, *Respondent*.

*Steward Menefee, Prosecuting Attorney,* and *Gerald R. Fuller, Deputy,* for appellant.

*John L. Farra,* for respondent (appointed counsel for appeal).

PETRICH, J.—The State appeals from the trial court's order dismissing its petition to revoke Robert Holmberg's probation.

The issue on appeal is whether the court may modify or revoke the defendant's probation for misconduct occurring after the expiration of the probationary term but before the entry of an order terminating probation. We conclude that although the court's jurisdiction to entertain petitions to modify or revoke probation continues until such time as an order terminating probation is entered, the modification or revocation of probation can be based only on proscribed conduct that occurs during the probationary period. Accordingly, we affirm.

Holmberg was convicted of second degree burglary on October 30, 1981. His sentence was deferred and he was placed on 3 years' probation. Because of subsequent modifications, his probationary period was extended to October 29, 1986.

On February 23, 1987, a third petition to revoke/modify probation was filed and was based on defendant's commission of theft on November 3, 1986. The petition was dismissed; the court concluded that it lacked jurisdiction because the probation period had ended on October 29, 1986.

The State, relying on RCW 9.95.230,[1] argues that the court has jurisdiction to modify or revoke probation

---

[1]RCW 9.95.230:

"Court revocation or termination of probation. The court shall have authority at any time prior to the entry of an order terminating probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; (2) it may at any time, when the ends of justice will be subserved thereby, and when the reformation of the probationer shall warrant it, terminate the period of probation, and discharge the person so held."

because an order terminating Holmberg's probation had not yet been entered. On the other hand, Holmberg, relying on *State v. Jorgenson*, 48 Wn. App. 205, 737 P.2d 1277 (1987), which purports to interpret the present version of RCW 9.95.230, contends that the court lost jurisdiction to modify or revoke his probation at the expiration of the probationary period, and that misconduct after the expiration of the probationary period cannot support modification or revocation of his probation.

Holmberg's reliance on *Jorgenson* is misplaced. The court there relied on *State v. Mortrud*, 89 Wn.2d 720, 575 P.2d 227 (1978), to support its conclusion that the court's authority under RCW 9.95.230 expires at the end of the probationary period. The court in *Jorgenson* failed to take note of the fact that the statute was amended in 1982 after *Mortrud. See State v. Alberts*, 51 Wn. App. 450, 453 n.1, 754 P.2d 128, *review denied*, 111 Wn.2d 1006 (1988). The statute as amended specifically authorizes the court to revoke or modify probation "at any time prior to the entry of an order terminating probation".[2] When the statutory language is plain and unambiguous, there is no need for the court to inquire further, for a statute's meaning is derived from the wording of the statute itself. *State v. Wilbur*, 110 Wn.2d 16, 749 P.2d 1295 (1988).[3]

---

[2]Prior to amendment, RCW 9.95.230 provided in pertinent part:

"The court shall have authority at any time *during the course of probation* to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; . . ." (Italics ours.) Laws of 1957, ch. 227, § 6.

[3]We note that the court in *State v. Alberts, supra,* considered the report of the Washington Association of Prosecuting Attorneys on the proposed amendment to RCW 9.95.230 as part of the legislative history of the enactment. We believe such consideration for the purpose of interpreting the enactment unnecessary and of questionable value. Legislative history may be considered as an aid to determining legislative intent only where the statute is ambiguous. Furthermore, even statements or opinions of individual legislators (apart from statements of members of the legislative body made during the course of the deliberation process) may not be considered by the court in construing legislative intent. *Snow's Mobile Homes, Inc. v. Morgan*, 80 Wn.2d 283, 494 P.2d 216 (1972). We fail to see

Although the court's jurisdiction to revoke or modify probation continues until an order terminating probation is entered, the question remains as to whether a person's probation can be revoked for misconduct that occurs after the probationary period has ended but before an order terminating probation is entered.

■■ In resolving the question before us of whether probation may be revoked or modified for misconduct occurring beyond the probationary period fixed by the court, we must determine the legislative intent as expressed in RCW 9.95.230. In determining legislative intent or purpose we must consider the entire sequence of statutes or sections relating to a given subject. *In re Marriage of Little,* 96 Wn.2d 183, 634 P.2d 498 (1981). We must reconcile apparently conflicting statutes and give effect to each of them, if this can be achieved without distortion of the language used. *State v. O'Neill,* 103 Wn.2d 853, 862, 700 P.2d 711 (1985); *In re Piercy,* 101 Wn.2d 490, 492, 681 P.2d 223 (1984).

The trial court's authority to grant or deny probation is found in RCW 9.95.200. RCW 9.95.210 provides for the conditions that may be imposed when the court grants probation and provides in pertinent part:

> In granting probation, the court may suspend the imposition or the execution of the sentence and may direct that the suspension may continue upon such conditions *and for such time as it shall designate, not exceeding the maximum term of sentence* or two years, whichever is longer.

(Italics ours.)

The provisions of RCW 9.95.230 must be read together with the provisions of RCW 9.95.210, otherwise the court's designation of the time when the conditions are imposed as authorized by the later section would be meaningless. Conceivably under the State's version of RCW 9.95.230, the probationary period could be extended beyond the length

how statements of special interest groups are entitled to any higher consideration by the court in determining legislative intent.

of the maximum sentence, notwithstanding the time limitations of RCW 9.95.210, if the parties neglected to obtain an order terminating probation.

Our views here are consistent with those expressed by the court in *Sanford v. King,* 136 F.2d 106 (5th Cir. 1943), wherein the court was construing the federal probation act, ch. 521, 43 Stat. 1259, adopted March 4, 1925. That act also specified periods of probation as well as a limitation on when the court could revoke probation. The court at page 108 said:

> It is our view that even though Section 725 authorizes the Judge to impose sentence after the expiration of the probationary period he could only do so for a violation of the probation occurring during the lawful probationary period. Any other construction of the Act would render ineffective the limitation of the probationary period to five years.
>
> It would seem that any other construction of the two sections would permit the Court to break faith with the probationer. When a defendant is placed on probation he is told, in effect, that if he lives up to the conditions of probation for the required period he will then be a free man.[4]

RCW 9.95.230 deals with the time the order of modification or revocation may be entered and not with probation violation on which modification or revocation may be predicated. Construing RCW 9.95.230 together with RCW 9.95.210, in order to reach a harmonious result we are satisfied that the purpose of the later enactment is to extend the jurisdiction of the court to modify or revoke probation for violations *occurring during the probationary period* until an order terminating probation is entered.

Affirmed.

ALEXANDER, C.J., and WORSWICK, J., concur.

---

[4]The Court of Appeals for the Tenth Circuit in *Williams v. Hunter,* 165 F.2d 924 (10th Cir. 1947), took an opposite view. However, in an apparent attempt to resolve any ambiguity as well as the differences among the various circuits, the Congress amended the act as to essentially adopt the view of the Fifth Circuit. *See* 18 U.S.C. § 3653.