[No. 20350-9-I. Division One. July 17, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES DOUGLAS NEAL, *Appellant.*

---

[17]51 Wn. App. 274, 284, 753 P.2d 543, *review denied,* 110 Wn.2d 1036 (1988).

*Anthony Savage*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Todd S. DeGroff, Deputy,* for respondent.

FORREST, J.—Charles Neal appeals from a jail sentence imposed by the trial court for violation of community supervision requirements in a proceeding initiated after the period of community supervision had terminated. We affirm.

On March 12, 1985, Charles Neal was sentenced to 24 months of community supervision after pleading guilty to unlawful imprisonment and two counts of patronizing a juvenile prostitute. On April 14, 1987, well past the termination of the community supervision period, the State gave notice of a sentence modification hearing. Pursuant to the notice, the hearing was held on April 27, 1987, and jail time was imposed.

RCW 9.94A.120(5) provides a first–time offender may be required to undergo community supervision for a maximum of 2 years. RCW 9.94A.200(1) provides that the offender may be punished for violation of any condition or requirement of his sentence. The statute contains no explicit statement as to when the punishment proceeding must be instituted.

Neal analogizes between probation under prior law and community supervision under current law, urging us to hold that the court's jurisdiction to punish terminates upon expiration of the community supervision period. *State v. Nelson*[1] and *State v. Mortrud*[2] held that probation revocation proceedings could not be instituted after the period of probation had expired. However, the controlling statute, RCW 9.95.230, was subsequently amended to permit institution of revocation proceedings until an order terminating probation had been entered.[3] Thus, Neal's reliance upon abandoned probation practices as support for limiting community supervision jurisdiction is unpersuasive. Instead, we are persuaded that the amendment of RCW 9.95.230 demonstrated the Legislature's intent that an affirmative act be taken to terminate the court's jurisdiction over a probationer.

We find a similar intent in RCW 9.94A.220, which provides in part:

> When an offender has completed the requirements of the sentence, the secretary of the department or his designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge.

This language applies equally to those sentenced to prison, jail or community supervision. We recognize the statute's reference to "the secretary of the department" might suggest its requirements apply only to imprisoned felons. Many felony offenders, however, receive nonprison sentences. The Legislature could not have intended to deny less serious offenders the benefit of a certificate discharging them, while providing such certificates to more serious offenders sentenced to prison. We find the requirement of

---

[1]92 Wn.2d 862, 601 P.2d 1276 (1979).

[2]89 Wn.2d 720, 575 P.2d 227 (1978).

[3]*State v. Alberts*, 51 Wn. App. 450, 754 P.2d 128, *review denied*, 111 Wn.2d 1006 (1988).

RCW 9.94A.220 equally applicable to first–time offenders sentenced to jail or community supervision under RCW 9.94A.120(5).

Applying this provision to all sentences promotes a uniform procedure, requiring the Department of Corrections to establish by affirmative action that an offender has fulfilled the obligations of his sentence. It also ensures that the State will not inadvertently lose jurisdiction over offenders who have failed to comply with the terms of their sentence, while for those who satisfy such terms, it provides evidence of discharge. We hold that jurisdiction continues over an offender sentenced under RCW 9.94A.120(5) until the offender secures a formal certificate of discharge pursuant to RCW 9.94A.220. If no action to discharge an offender is taken, the offender who has satisfied the conditions imposed by his sentence is clearly entitled to demand it. This result is in accord with *State v. Johnson*,[4] which reached a similar result using somewhat different reasoning.

The judgment is affirmed.

GROSSE, A.C.J., and WEBSTER, J., concur.

---

[4]54 Wn. App. 489, 774 P.2d 526 (1989).