[No. 11481-3-III.   Division Three.   July 21, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID WAYNE HOFFMAN III, *Appellant.*

*Mary E. Schultz* and *Mary E. Schultz & Associates, P.S.,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

MUNSON, J. — David Hoffman III, appeals the order terminating his probation on September 26, 1990. He contends his probation was terminated by an order and certificate of discharge entered on October 22, 1987.

On August 28, 1985, Mr. Hoffman pleaded guilty to two charges: third degree statutory rape committed on June 30, 1984 (count 2); and indecent liberties, committed in November 1984 (count 1). He was sentenced on October 14, 1985. The two convictions were imposed under a single cause number and contained in a single charging document; each sentence indicated it was to be served concurrently with the other.

Because the third degree rape was committed prior to July 1, 1984, the effective date of the Sentencing Reform Act of 1981 (SRA), Mr. Hoffman's sentence for the conviction on count 2 was governed by RCW 9.95. RCW 9.94A.905. He received a deferred sentence and was placed on 5 years' probation. As to count 1, indecent liberties, Mr. Hoffman was sentenced to 5 months' partial confinement and 2 years' community supervision pursuant to the sentencing option for sex offenders, former RCW 9.94A.120(7)(a), under the SRA.

On October 22, 1987, the court entered a "Certificate and Order of Discharge" discharging Mr. Hoffman as required by the SRA, RCW 9.94A.220. The discharge indicated the cause number and did not state that it was limited to the indecent liberties sentence imposed under the SRA.

In August 1990, the State alleged Mr. Hoffman had violated the terms of his probation on the statutory rape con-

viction and obtained a bench warrant. Mr. Hoffman moved for release, contending he had been discharged from both sentences by the 1987 discharge. The court ultimately found there had been no violation and, on September 26, 1990, entered an order terminating Mr. Hoffman's 5-year probation.

Mr. Hoffman moved for reconsideration because the effect of the 1990 order was to reject his claim that the 1987 discharge had been effective as to both counts. The court denied his motion for reconsideration and ordered him to register under the sex offender registration statutes, RCW 9A.44.130-.140. Mr. Hoffman has appealed the 1990 order.

Mr. Hoffman contends his 5-year probation on the pre-SRA charge was terminated by the certificate and order of discharge entered pursuant to RCW 9.94A.220 on October 22, 1987.[1]

Discharge from sentences for crimes committed after July 1, 1984, is governed by RCW 9.94A.220:

> When an offender has completed the requirements of the sentence, the secretary of the department or his designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge. . . . A certificate of discharge is not based on a finding of rehabilitation.[2]

This statute is applicable only to sentences imposed under the SRA. *See Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 730 P.2d 1327 (1986); *In re Blair*, 38 Wn. App. 670, 688 P.2d 532 (1984).

■ ■ The termination of probation imposed for crimes committed prior to July 1, 1984, is governed by RCW 9.95-.230:

> The court . . . may at any time, when the ends of justice will be subserved thereby, and when the reformation of the probationer shall warrant it, terminate the period of probation, and discharge the person so held.

---

[1]Mr. Hoffman has not assigned error to that portion of the order requiring him to register as a sex offender.

[2]Mr. Hoffman's claim the 1987 discharge signifies his rehabilitation and thus implies termination of his probation is thus belied by the language of the statute.

The court retains jurisdiction to revoke or modify probation until an order terminating probation is entered. *State v. Holmberg*, 53 Wn. App. 609, 611, 768 P.2d 1025 (1989). An express order of termination is required. *See State v. Alberts*, 51 Wn. App. 450, 754 P.2d 128, *review denied*, 111 Wn.2d 1006 (1988). The 1987 order makes no mention of Mr. Hoffman's probation and thus cannot be construed as terminating it. When an information contains a pre-SRA and a post-SRA charge, the court should not use the "boiler-plate" form for the certificate of discharge. The certificate of discharge should, at least, denote the particular charge being discharged.

Affirmed.

SWEENEY and WEBSTER, JJ., concur.