[No. 22172-8-I. Division One. December 11, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. TERRY LEE ZABROSKI, *Appellant.*

*Helen Anderson* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Timothy Blood, Deputy,* for respondent.

PEKELIS, J.—Terry Zabroski appeals the Superior Court's modification of his sentence. He contends that the court had no jurisdiction to modify the sentence after expiration of the community supervision period.

Zabroski pleaded guilty to theft in the first degree. He was sentenced to 30 days of confinement, which the sentencing court converted into 240 hours of community service. The court also ordered Zabroski to serve 12 months in community supervision.

Zabroski failed to complete his community service hours. After expiration of the 1–year community supervision period, the State brought a motion to show cause why

Zabroski's sentence should not be modified for failing to complete his community service hours.

At the hearing on the motion, defense counsel questioned whether the court had jurisdiction to modify the sentence since the 1–year community supervision period had expired. The court requested briefing on this issue, and suggested that the briefing be in the nature of a motion for reconsideration.

The trial court then entered an order modifying Zabroski's sentence. The court found that Zabroski had willfully failed to complete his community service hours and sentenced him to 30 days' confinement, with work release if eligible. The court denied the motion for reconsideration which followed, concluding that it had jurisdiction to modify the sentence.

On appeal, Zabroski contends that the trial court had no authority to modify his sentence for failure to complete his community service hours. He argues that community service is a condition of community supervision, and that a trial court has no jurisdiction to punish the violation of a condition of community supervision after expiration of the community supervision period. The State responds that community service is a condition of sentence, not a condition of community supervision, and that a trial court retains jurisdiction to modify a sentence until the defendant has completed all conditions of the sentence.

■ The first issue to be resolved is whether community service[1] is a condition of community supervision or a condition of sentence. We find it significant that the Sentencing Reform Act of 1981 does not tie the imposition of community service to community supervision. Rather, under the act, community service is a "sentence condition" that the trial court may order as a substitute for total confinement.

---

[1] "'Community service' means compulsory service, without compensation, performed for the benefit of the community by the offender." RCW 9.94A.030(5).

RCW 9.94A.380.[2] In contrast, community supervision provides a separate control or check on a defendant and may be imposed at the trial court's discretion:

> On all sentences of confinement for one year or less the court may impose up to one year of community supervision. . . . For nonconfinement sentences, the period of community supervision begins at the date of entry of the judgment and sentence.

RCW 9.94A.383. We conclude that community service is a condition of sentence, and reject Zabroski's argument that it is a condition of community supervision.

Even if community service were a condition of community supervision, this court's recent decision in *State v. Neal*, 54 Wn. App. 760, 775 P.2d 996 (1989), would defeat Zabroski's argument that the trial court had lost jurisdiction. In *Neal*, the appellant, like Zabroski here, contended that the court's jurisdiction to punish automatically terminated upon expiration of the community supervision period. Also like Zabroski, Neal relied on analogous probation law as authority.

Former RCW 9.95.230 provided that a trial court had authority to modify probation "at any time during the course of probation". *See State v. Mortrud*, 89 Wn.2d 720, 721, 575 P.2d 227 (1978). This statute operated to terminate the court's jurisdiction over the defendant upon expiration of the probationary period. *Mortrud*, 89 Wn.2d at 724. However, the Legislature amended RCW 9.95.230 to provide that a trial court had authority to modify "at any time prior to the entry of an order terminating probation". Under the current statute, "the trial court's jurisdiction to

---

[2]The Legislature amended the Sentencing Reform Act of 1981 in 1988, after Zabroski was sentenced. Laws of 1988, ch. 155. The version of RCW 9.94A.380 applicable here provides as follows:

"For sentences of nonviolent offenders for one year or less, the court shall consider and give priority to available alternatives to total confinement and shall state its reasons if they are not used.

"These alternatives include the following sentence conditions that the court may order as substitutes for total confinement: (1) One day of partial confinement or eight hours of community service may be substituted for one day of total confinement; (2) the community service conversion is limited to two hundred forty hours or thirty days. . . ."

modify probation continues until the *entry of an order* terminating it." (Italics ours.) *State v. Alberts,* 51 Wn. App. 450, 454, 754 P.2d 128, *review denied,* 111 Wn.2d 1006 (1988).

■ The *Neal* court noted that the amendment of RCW 9.95.230 demonstrated the Legislature's intent that jurisdiction over a probationer would continue until terminated by an affirmative act. The *Neal* court found a similar intent in RCW 9.94A.220, directly applicable here, which provides as follows:

> When an offender has completed the requirements of the sentence, the secretary of the department or his designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge. The discharge shall have the effect of restoring all civil rights lost by operation of law upon conviction . . ..

Construing this statute, the *Neal* court held that "[t]his language applies equally to those sentenced to prison, jail *or community supervision.*" (Italics ours.) *Neal,* 54 Wn. App. at 762. This holding disposes of Zabroski's argument that the trial court had no jurisdiction to modify his sentence after expiration of the community supervision period. The court retains jurisdiction over Zabroski until it affirmatively discharges him.

Affirmed.

SCHOLFIELD and WEBSTER, JJ., concur.