[No. 3219–3.  Division Three.  December 4, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. JILL ANN HAWKINS, *Appellant.*

*Robert J. Roberts* and *Dellwo, Rudolf & Schroeder,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Peter S. Schweda, Deputy,* for respondent.

PER CURIAM.—In this appeal, defendant challenges the authority of the trial court to enter an order revoking her probation. Our disposition is controlled by *State v. Nelson,* 92 Wn.2d 862, 601 P.2d 1276 (1979) (overruling *sub silentio In re Myers,* 20 Wn. App. 200, 579 P.2d 1006 (1978), and one of the alternative holdings of *State v. Haugen,* 22 Wn. App. 785, 591 P.2d 1218 (1979)). There, the court held that a superior court has no jurisdiction to revoke or modify a defendant's probation where the motion to revoke is filed after the probationary term has expired. RCW 9.95.230. This rule applies to cases in which the superior court has deferred sentencing as well as to those cases in which sentence is imposed but its execution suspended. *See also State v. Mortrud,* 89 Wn.2d 720, 575 P.2d 227 (1978) and *State v. Hultman,* 92 Wn.2d 736, 600 P.2d 1291 (1979). Here, an order modifying defendant's probation and extending it for 2 years was entered after the defendant's probation on two separate charges had expired. There is no evidence that the State petitioned the court for this order before the end of defendant's probationary term. Hence, that order is void, and the subsequent order revoking defendant's probation is also void.

Reversed.