[No. 13929-8-III.  Division Three.  February 29, 1996.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT MAY, *Appellant.*

*Tomas S. Caballero*, for appellant.

*Gary Riesen, Prosecuting Attorney*, and *Walter G. Edgar, Deputy*, for respondent.

SCHULTHEIS, A.C.J. — Robert May appeals a juvenile court order imposing 20 days in detention for violation of provisions of a previous disposition order. He contends the court lacked jurisdiction over him because his one-year term of community supervision expired a week before the State filed its motion to show cause on the alleged violations. We agree, and reverse.

On January 12, 1993, Mr. May pleaded guilty to residential burglary and second-degree burglary. The court's disposition order required him to serve 40 days in detention, 12 months of community supervision, and 80 hours of community service;[1] to attend school regularly, report weekly to his probation counselor, and avoid contact with

---

[1]For each count the disposition was 20 days in detention, 6 months of community supervision, and 40 hours of community service. Pursuant to the disposition order and RCW 13.40.180, the terms of confinement and supervision ran consecutively. The court and counsel agreed Mr. May's community supervision began January 12, 1993 upon entry of the disposition order and ended 12 months later.

his codefendant Robert Smith (plus meet other conditions not relevant to this appeal).

On January 10, 1994, probation counselor Dee Middleton submitted to the prosecutor's office a report alleging Mr. May had violated his community supervision and disposition order by failing to perform 48 hours of community service, attend school regularly, keep scheduled weekly appointments, and by associating with Robert Smith.

By motion and affidavit dated January 19 and filed January 20, the prosecutor's office instituted a show cause proceeding regarding the alleged violations. A hearing was set for February 3. Mr. May's attorney was immediately notified, while Mr. May and his father were personally served with the motion, affidavit and hearing notice on January 25. At the hearing Mr. May admitted the violations (he admitted to owing only 35 hours of community service); however, defense counsel argued the court lacked jurisdiction because the community supervision period expired one week before the prosecutor instituted the violation proceedings.

The Juvenile Court Commissioner continued the hearing until February 10. At that time he ruled he had jurisdiction, ordered Mr. May to serve 20 days in detention and stayed the order pending review by the superior court. The juvenile court minutes relate the commissioner's jurisdiction determination:

> The Court believes as long as the minor is given notice of the basis for [the] alleged violation & violation is brought on in a reasonable amount of time, the disposition of those violations need not be in the community supervision period (RCW 13.40.200). Based on the testimony & the report, the Court believes violations are not remote.

On February 23, Mr. May moved for revision of the commissioner's order, alleging the court lacked jurisdiction because the term of community supervision elapsed before the State commenced the show cause proceeding and the show cause hearing violated his due process rights. Fol-

lowing a hearing on March 4, the superior court affirmed the commissioner. The court ruled it retains jurisdiction over juveniles until age 18 and, absent a showing of prejudice, it can impose sanctions after expiration of the community supervision period for violations committed during the period. The court granted a stay pending appeal.

RCW 13.40.200 governs modification of disposition orders for violations, providing in pertinent part:

> (1) When a respondent fails to comply with an order of restitution, community supervision, penalty assessments, or confinement of less than thirty days, the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation.
>
> (2) The hearing shall afford the respondent the same due process of law as would be afforded an adult probationer.

This statute addresses the juvenile court's power to enforce its own disposition orders, *State v. Martin*, 102 Wn.2d 300, 303, 684 P.2d 1290 (1984), but it does not specify how long that power lasts. The issue we must decide is whether the juvenile court retains jurisdiction to consider alleged violations that occurred during community supervision, but are not brought to the court's attention until after the supervisory period expires.[2]

The Juvenile Justice Act of 1977 (JJA), RCW 13.40, is silent on the subject. No cases address the issue as it pertains to juveniles, but the issue has been addressed with respect to convicted adults. Mr. May concedes that

---

[2]Mr. May also contends the State violated his right to due process by failing to notify him before expiration of the community supervision term of its intent to seek sanctions for violations occurring during the supervisory period. Except to the extent he reargues lack of jurisdiction, he complains only about the timing of the notice. The record establishes he received timely and adequate notice, appeared at the hearing with counsel, and presented evidence on his behalf; the court stated its findings and the evidentiary basis for them, and its reason for imposing detention time (Mr. May admitted the violations). Thus, Mr. May received the same due process of law as would be afforded an adult probationer and to which he was entitled. RCW 13.40.200(2); *see State v. Lawrence*, 28 Wn. App. 435, 438, 624 P.2d 201 (1981) (citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)).

under the Sentencing Reform Act of 1981 (SRA) a sentencing court has jurisdiction to enforce the requirements of a sentence until they are met and/or a certificate of discharge is provided upon completion of the sentence under RCW 9.94A.220. *State v. Johnson*, 54 Wn. App. 489, 491, 774 P.2d 526 (1989). The State urges us to adopt this approach in juvenile cases. It argues the JJA does not expressly limit the court's jurisdiction to impose sanctions for disposition order violations, notes there are numerous similarities between the two acts, and points out there is a statutorily mandated age-related end to the juvenile court's jurisdiction. RCW 13.40.300.

Pointing to the specific reference to adult probationers in RCW 13.40.200(2), Mr. May argues the court should construe RCW 13.40.200 in accordance with pre-SRA adult probation revocation proceedings. Cases decided before enactment of the SRA held the court's authority to revoke or modify probation under former RCW 9.95.230[3] expired at the end of the probationary period. *State v. Mortrud*, 89 Wn.2d 720, 724, 575 P.2d 227 (1978); *State v. Hawkins*, 24 Wn. App. 925, 926, 604 P.2d 185 (1979) (relying on *State v. Nelson*, 92 Wn.2d 862, 601 P.2d 1276 (1979), *State v. Hultman*, 92 Wn.2d 736, 600 P.2d 1291 (1979), and *Mortrud*, 89 Wn.2d 720).

Neither approach is entirely satisfactory. The State's approach requires us to infer from RCW 13.40.200 and 13.40.300 a legislative intent that the court loses jurisdiction over a juvenile only when he affirmatively establishes he has fulfilled all the conditions of his disposition order or turned 18 or in some cases 21 years old.[4] Such a vague interpretation of jurisdiction is contrary to the legislative

---

[3]Former RCW 9.95.230 provided, in pertinent part:

"The court shall have authority at any time during the course of probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence;"

[4]We note the Legislature amended RCW 13.40.300(3) in 1994 so that the juvenile court may extend jurisdiction beyond a juvenile offender's 21st birthday to enforce an order of restitution. Laws of 1994, 1st Sp. Sess., ch. 7, § 530.

purpose of providing for a clear policy to determine jurisdictional limitations of the juvenile courts. RCW 13.40.010(2)(j). It is also contrary to the rule of lenity which requires ambiguities in punitive statutes be construed in favor of the offender. *See, e.g., Martin,* 102 Wn.2d at 304.

Mr. May relies primarily on *Mortrud* and its progeny, *Nelson, Hultman* and *Hawkins,* but those cases have all been superseded by the Legislature's amendment of RCW 9.95.230 in 1982. The statute as amended specifically authorizes the court to revoke or modify probation "at any time prior to the entry of an order terminating probation . . . ." Laws of 1982, 1st Ex. Sess., ch. 47, § 11; *State v. Zabroski,* 56 Wn. App. 263, 266-67, 783 P.2d 127 (1989); *State v. Neal,* 54 Wn. App. 760, 762, 775 P.2d 996 (1989); *State v. Holmberg,* 53 Wn. App. 609, 611, 768 P.2d 1025 (1989); *State v. Alberts,* 51 Wn. App. 450, 452-53, 754 P.2d 128, *review denied,* 111 Wn.2d 1006 (1988).

In comparing the juvenile court's authority to modify disposition orders under RCW 13.40.200 to the superior court's authority to modify or revoke an adult's probation under RCW 9.95.230, or its authority to impose sanctions for violations of sentence conditions under RCW 9.94A.200, we notice one significant difference. Both adult statutes provide a means for formally terminating supervision: an adult may obtain either an order terminating probation or a certificate of discharge. A juvenile offender, on the other hand, is at the mercy of the State's administrative bureaucracy. Under the State's interpretation of RCW 13.40.200, if a 12-year-old offender fails before the expiration of his community supervision period to file written proof that he has complied with the provisions of his disposition order, the State may institute a violation proceeding any time before he turns 18 and in some cases until he is 21 or older. RCW 13.40.300. We do not believe this was the intent of the Legislature.

■ We therefore reject the State's interpretation of RCW 13.40.200 in favor of a bright-line rule that clearly defines the juvenile court's jurisdiction. We hold the

court's jurisdiction to enforce its disposition order terminates when the community supervision period expires, unless a violation proceeding is then pending before the court. We do not believe the State will be unduly burdened by the requirement that it institute violation proceedings before expiration of the supervisory period. To paraphrase the rationale of *Mortrud*, 89 Wn.2d at 724, any risk that there will be no recourse against a juvenile offender for violations occurring late in the community supervision period is more than outweighed by the goal which the rule in this case should help to attain: to discourage administrative inertia in handling matters concerning juvenile offenders.

We reverse the juvenile court's order imposing detention for violation of provisions of the January 12, 1993 disposition order.

MUNSON and THOMPSON, JJ., concur.