[Nos. 41700-2-I; 41701-1-I;  Division One.  March 29, 1999.]
   41702-9-I; 41703-7-I.

THE STATE OF WASHINGTON, *Respondent*, v. Y.I.,
*Appellant.*

*Gregory C. Link* of *Washington Appellate Project*, for appellant.

*David S. McEachran, Prosecuting Attorney*, and *Royce S. Buckingham, Deputy*, for respondent.

ELLINGTON, J. — We must decide what time limits apply to

a juvenile court's jurisdiction to enforce a victim penalty assessment (VPA) imposed at disposition. Y.I. failed to pay four VPAs. After his last community supervision period ended, his probation officer filed a petition to review conditions of supervision, and the juvenile court ordered Y.I. to serve three days of confinement in each case unless he paid the VPAs or performed community service hours in lieu of payment. We agree with Y.I. that the juvenile court had no jurisdiction to enforce the disposition order once the community supervision period had ended. We therefore reverse.

## Facts

This appeal involves four separate disposition orders in which Y.I. was ordered to pay the $100 VPA under RCW 7.68.035(1)(b).[1] The community supervision period for the first and second cases ended by May 27, 1997. The community supervision period for the third and fourth cases ended on November 30, 1996.

On September 22, 1997, Y.I.'s probation officer filed a petition to review conditions of community supervision in all four cases, alleging that Y.I. failed to make any VPA payments or perform community service in lieu of the VPA. At the review hearing, Y.I. asserted that because the community supervision period had expired, the juvenile court lacked jurisdiction over the VPAs. The juvenile court commissioner responded that he believed the juvenile court retained jurisdiction, although he remarked, "but I have yet to have anybody give me [a] citation that shows me where that [law] comes from." The commissioner ordered Y.I to serve three days of confinement for each case (12

---

[1] RCW 7.68.035(1)(b) sets forth the penalty assessment for juveniles:

Whenever any juvenile is adjudicated of any offense in any juvenile offense disposition under Title 13 RCW, . . . there shall be imposed upon the juvenile offender a penalty assessment. The assessment shall be in addition to any other penalty or fine imposed by law and shall be one hundred dollars for each case or cause of action that includes one or more adjudications for a felony or gross misdemeanor . . . .

days total), but suspended the confinement for three months, during which time Y.I. could perform community service in lieu of the assessment.

Y.I.'s motions to revise the commissioner's rulings were denied. The court entered the following conclusions of law: "The 'victim's fund assessment' (VFA)[2] is not part of 'community supervision,' as defined by RCW 13.40.020(3)" and "The court has jurisdiction to enforce payment of the VFA until age 18 or, under certain provisions of RCW 13.40.300, until ages 19-21."

## Discussion

■ Whether a court has jurisdiction is a question of law and is reviewed de novo.[3] Y.I. relies on *State v. May*, which held that a juvenile court's jurisdiction to enforce a disposition order ends when the community supervision period ends.[4] Y.I. argues that the VPA is part of the disposition order, and that the court therefore had no continuing authority to sanction him for not paying the statutory assessment after community supervision ended. The State argues that Y.I.'s reliance on *May* is misplaced because *May* applies only to community supervision, not the entire order, and community supervision does not include the VPA.

RCW 13.40.200 governs modification of juvenile disposition orders for violations. The statute provides: "When a respondent fails to comply with an order of restitution, community supervision, penalty assessments, or confinement of less than thirty days, the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation." The statute does not specify the time period during which such a modification is authorized. The State takes the position that modification may occur until the juvenile turns 18 (or in some cases, turns 21).

■ ■ In *May*, the Court of Appeals held that a juvenile

---

[2]The VFA and VPA are synonymous.

[3]*Equity Group, Inc. v. Hidden*, 88 Wn. App. 148, 153, 943 P.2d 1167 (1997).

[4]*State v. May*, 80 Wn. App. 711, 717, 911 P.2d 399 (1996).

court's jurisdiction to enforce its disposition order terminates upon expiration of the community supervision period unless a violation proceeding is then pending before the court.[5] Because the State's motion for sanctions for failure to perform community service was not filed until after community supervision had expired, the *May* court reversed the juvenile court's order imposing detention. *May* did not address legal financial obligations, so the initial question we must answer is whether its analysis applies here.

Because the juvenile modification statute does not specify jurisdictional time limits, the *May* court considered whether time limits on the juvenile court's jurisdiction to modify its disposition orders should be derived by analogy to modification of adult sentences under the Sentencing Reform Act of 1981 (SRA)[6] (in which case jurisdiction would continue until the mandatory age-related statutory end to juvenile court jurisdiction under RCW 13.40.300), or by analogy to pre-SRA case law (in which case jurisdiction would expire at the end of the supervision period).[7] The *May* court found neither approach satisfactory and instead found its compass in the legislature's purpose of providing for a "clear policy to determine jurisdictional limitations of the juvenile courts," and in the rule of lenity. The *May* court thus adopted a "bright-line rule . . . . We hold the court's jurisdiction to enforce its disposition order terminates when the community supervision period expires, unless a violation proceeding is then pending before the court."[8]

We agree with the *May* court's analysis and with its application here. Disposition orders encompass many obligations. The VPA is one of them. A juvenile who does not satisfy all his or her financial penalties while on supervi-

---

[5] *Id.*

[6] *May*, 80 Wn. App. at 714-15 (citing *State v. Johnson*, 54 Wn. App. 489, 491, 774 P.2d 526 (1989)).

[7] *See State v. Mortrud*, 89 Wn.2d 720, 724, 575 P.2d 227 (1978) (addressing former RCW 9.95.230).

[8] *May*, 80 Wn. App. at 716-17.

sion should not be under a constant threat of incarceration until his or her 18th birthday. If the legislature had so intended, it would have enacted a specific grant of jurisdiction, as it did for restitution. RCW 13.40.190 provides:

> In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent. . . . For the purposes of this section, the respondent shall remain under the court's jurisdiction for a maximum term of ten years after the respondent's eighteenth birthday. Prior to the expiration of the ten-year period, the juvenile court may extend the judgment for the payment of restitution for an additional ten years.

This separate grant of jurisdiction preceded *May*, and supports our conclusion that financial obligations are aspects of the disposition order to be enforced during community supervision. Otherwise, this legislative extension of time would not be needed for purposes of collecting restitution.

We also agree with the *May* court that the State is not unduly burdened by the requirement that it monitor the juvenile's compliance and act promptly to bring violations to the court's attention. As the *May* court expressed it, "any risk that there will be no recourse against a juvenile offender for violations occurring late in the community supervision period is more than outweighed by the goal which the rule in this case should help to attain: to discourage administrative inertia in handling matters concerning juvenile offenders."[9]

We hold that jurisdiction of the juvenile court to enforce its disposition order includes enforcement of the VPA, and terminates when the community supervision period ends. Because the community supervision period had expired long before the petitions were filed in these matters, the juvenile court was without jurisdiction. We thus reverse.

---

[9] *Id.* at 717 (citing *Mortrud*, 89 Wn.2d at 724).

WEBSTER and BAKER, JJ., concur.