IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37401-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| D.K.V.,† | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — D.K.V. appeals after the sentencing court prohibited

him from having contact with three crime victims. The prohibition was contained in the

dispositional order and also in a no contact order issued pursuant to chapter 9A.46 RCW.

D.K.V. argues the prohibition in the dispositional order should be struck and the no

contact order should be vacated because the sentencing court acted beyond its authority.

We agree and remand for that purpose.

---

† To protect the privacy interests of the minor, we use his initials throughout this
opinion. Gen. Order for Court of Appeals, *In Re Changes to Case Title* (Wash. Ct. App.
Aug. 22, 2018) (effective Sept. 1, 2018), http://www.courts.wa.gov/appellate_
trial_courts.

FACTS

D.K.V., then 14 years old, fired a flare gun into a house that started a small fire. At the time, there were three people in the house.

The State charged D.K.V. in juvenile court with first degree arson, and he later pleaded guilty to that charge. The court ordered that he be committed to a Department of Children, Youth, and Families (DCYF) rehabilitation facility for a term of 103 to 129 weeks.

The State said that D.K.V. fired the flare gun into the house out of retaliation and asked the court to enter a no contact order protecting the three people in the house at the time. The court granted the request and in its disposition order prohibited D.K.V. from having contact with the three crime victims for an unspecified time. It also imposed a no contact order under the auspices of chapter 9A.46 RCW with a term of 10 years.

D.K.V. appealed.

ANALYSIS

D.K.V. contends the juvenile court's no contact order exceeded its authority. The State initially responds that we should not review the question because it was not preserved below.

Generally, this court does not review issues unless they were first raised in the trial court. RAP 2.5(a). Requiring timely objections at the trial court level promotes efficient use of limited resources by allowing those courts to correct potential errors. *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). But a non-rule-based exception to RAP 2.5 has been recognized where the sentencing challenge does not depend on a case-by-case analysis, and the error—if permitted to stand—would create inconsistent sentences for the same crime. *State v. Peters*, 10 Wn. App. 2d 574, 581-82, 455 P.3d 141 (2019) (quoting *State v. Blazina*, 182 Wn.2d 827, 833-34, 344 P.3d 680 (2015)). This exception applies here so we address D.K.V.'s argument.

When reviewing the scope of a juvenile court's authority to act, this court reviews the authority de novo. *State v. Y.I.*, 94 Wn. App. 919, 922, 973 P.2d 503 (1999). "The provisions of chapters 13.04 and 13.40 RCW . . . [are] the exclusive authority for the adjudication and disposition of juvenile offenders except where otherwise expressly provided." RCW 13.04.450.

The sentencing standards for juvenile offenders are set forth in RCW 13.40.0357. For less serious offenses, the standards authorize juvenile courts to impose local sanctions, which may include up to 30 days of confinement and community supervision. RCW 13.40.020(18). The authority to impose community supervision is what permits

juvenile courts to impose conditions in their dispositional orders.  *See State v. K.H.-H.*,

185 Wn.2d 745, 755, 374 P.3d 1141 (2016).

For sentences greater than 30 days, juvenile courts must commit the offender to the

DCYF.  RCW 13.40.160(1)(b).  Upon completion of an offender's sentence, DCYF

issues a parole program that contains conditions to assist the offender's integration into

the community.  RCW 13.40.210(3).  The legislature set forth a few mandatory and

various permissible conditions.  RCW 13.40.210(3)(b).  One permissible condition

requires the juvenile to "refrain from contact with specific individuals or a specified class

of individuals."  RCW 13.40.210(3)(b)(ix).

A court may not order community supervision when an offender is committed to

DCYF.  RCW 13.40.020(5).  For this reason, juvenile courts lack the authority to impose

conditions, including no contact orders, when committing an offender to the DCYF.  Only

DCYF has authority to impose conditions.  This appears purposeful.  Maintaining the

distinction between the authority of juvenile courts and DCYF is one of the policies of the

Juvenile Justice Act of 1977, chapter 13.40 RCW.  RCW 13.40.010(2)(k).

The State, citing *State v. Armendariz*, 160 Wn.2d 106, 156 P.3d 201 (2007), argues

that sentencing courts have authority to impose crime-related prohibitions, including no

contact orders.  There, the Supreme Court construed a trial court's authority under the

4

Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. We doubt that the SRA applies to juveniles sentenced in juvenile court. Although former RCW 9.94A.030(35) (2019) defines "offender" to include persons under 18 years of age, whether being prosecuted as a juvenile or as an adult, we are unaware of any decision applying the SRA to a juvenile offender prosecuted as a juvenile. *K.H.-H.* confirms our doubts. There, the Supreme Court relied on the Juvenile Justice Act, not the SRA, to support its decision that the juvenile court had authority to impose a sentence condition. We conclude that the SRA's definition of "offender" is not a sufficiently express provision, as required by RCW 13.04.450, to expand a juvenile court's limited authority to impose conditions in dispositional orders.

The State next argues that the juvenile court had authority under chapter 9A.46 RCW to impose the 10-year no contact order. We disagree. Under the SRA, a court has discretion to enter a no contact order to protect a crime victim upon conviction. RCW 9.94A.703(3)(b). Chapter 9A.46 RCW fills the significant gap in time between when a crime victim is deserving of court protection and when the defendant is convicted. It authorizes a no contact order prior to a defendant's release from custody, or if the defendant is not in custody, at arraignment. RCW 9A.46.040, .050. Nothing in chapter 9A.46 RCW authorizes a no contact order to be issued upon conviction.

No. 37401-7-III
*State v. D.K.V.*

We conclude that the juvenile court had no authority to prohibit D.K.V. from contacting the three victims, either by including the prohibition in its dispositional order or by its separate order. Because D.K.V. was committed to the DCYF, that agency is the proper entity to determine what conditions are appropriate upon D.K.V.'s release.

Remand.

Lawrence-Berrey, J.

WE CONCUR:

Pennell, C.J.

Siddoway, J.

6